IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TRAVIS A. NUNLEY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:18-cv-00203-AGF |
| JASON LEWIS, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the pro se petition of Missouri state prisoner Travis A. Nunley for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 20, 2014, Petitioner was convicted by a jury of second-degree murder, first-degree robbery, and two corresponding counts of armed criminal action. Petitioner was sentenced to consecutive terms of life imprisonment for the second-degree murder and related armed criminal action, and to consecutive terms of 22 years' imprisonment for the first-degree robbery and related armed criminal action.

In his federal habeas petition, Petitioner asserts that (1) a police officer who testified at trial committed perjury, (2) a witness for the State was coerced by the prosecutor to testify, and (3) the prosecutor redacted information using a black marker. For the reasons set forth below, habeas relief will be denied.

## BACKGROUND

This case arises out of a drug deal that resulted in the shooting death of Jerry Massey and the robbery of Rafael Allred of fifty codeine pills. Petitioner and his co-

conspirators were charged by the State of Missouri with second-degree murder; first-degree robbery; and two associated counts of armed criminal action. On March 20, 2014, following a four-day joint trial of Petitioner and one of his co-conspirators, a jury found Petitioner guilty on all counts charged.

**Direct Appeal**

On direct appeal, Petitioner, through appointed counsel, argued that the trial court plainly erred in (1) admitting a 911 call into evidence, in violation of Petitioner's constitutional right to confrontation, and (2) accepting the jury's verdicts and sentencing Petitioner on two counts of armed criminal action, in violation of his constitutional right to be free from double jeopardy.

On November 24, 2015, the Missouri Court of Appeals affirmed the judgment of conviction and sentence. The appellate court held that the statements in the 911 call were nontestimonial and, therefore, the trial court did not plainly err in admitting the call into evidence. The appellate court further held that each armed criminal action count was applied to a separate and distinct crime, such that the trial court did not plainly err in accepting the jury's verdicts and sentencing Petitioner on both counts.

**State Post-Conviction Proceedings**

On July 3, 2014, Petitioner filed a pro se motion for post-conviction relief in the state court alleging: (1) there was insufficient evidence to support a conviction; (2) Petitioner was unable to prepare a proper defense for trial; (3) trial counsel was ineffective for refusing to endorse an alibi witness for Petitioner; and (4) trial counsel was ineffective for refusing to subpoena an alibi witness.

In his amended motion for post-conviction relief, filed with the assistance of counsel, Petitioner alleged that trial counsel was ineffective for (1) acting under a conflict of interest in that the same law firm represented Petitioner and his co-defendant; and (2) failing to call Petitioner's alibi witnesses at trial.

On February 14, 2017, following an evidentiary hearing, the motion court denied Petitioner's motion for post-conviction relief. The motion court held that Petitioner failed to demonstrate an actual conflict of interest resulting from the law firm's representation of both defendants and, in any event, Petitioner had not shown prejudice. The motion court further held that Petitioner had not demonstrated that the witnesses he wanted called would have provided an alibi for Petitioner or that trial counsel acted unreasonably in not calling the witnesses.

On May 29, 2018, the Missouri Court of Appeals affirmed the motion court's judgment.

**Federal Habeas Petition**

As noted above, Petitioner raises three claims for federal habeas relief. Petitioner labels his first claim "p[e]rjury of a policeman" and, in support, asserts simply: "at trial on stand different statement." ECF No. 1 at 4. Petitioner labels his second claim "coerced by the prosec[u]tor to testify" and, in support, states solely: "state witness stated at trial that he was coerced by the state. To say what he said." *Id.* at 6. In his final claim, Petitioner asserts that the prosecutors "remove[d] information by using black marker," and in support of that claim, Petitioner states: "not giving defendants their ability to

prepare and present a 'defense' as well as their constitutional right to a fair trial." *Id.* at 7.

Respondent argues that Petitioner's claims are procedurally defaulted because they were never raised in the state courts, and that the claims are otherwise insufficiently pled and meritless. Petitioner did not file a reply, and the time to do so has passed.

## DISCUSSION

Federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a claim has been adjudicated on the merits in state court, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that habeas relief cannot be granted unless the state court's adjudication:

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the doctrine of procedural default, a federal court is barred from considering the merits of a claim not fairly presented to the state courts, absent a showing by the petitioner of cause for the default and prejudice resulting therefrom, or that he is actually innocent, such that a miscarriage of justice would result by failing to consider the claim. *E.g., Gordon v. Arkansas*, 823 F.3d 1188 (8th Cir. 2016). Fairly presented means that the petitioner has properly raised the same factual grounds and legal theories in state

4

court that he is attempting to raise in his federal habeas petition. *Wemark v. Iowa,* 322 F.3d 1018, 1021 (8th Cir. 2003).

The Court concludes that each of Petitioner's claims has been procedurally defaulted and that Petitioner has failed to show cause or prejudice for the default.[1] Petitioner did not raise any of his current claims in his direct appeal or postconviction proceedings. Nor has Petitioner asserted or shown cause to excuse the default or prejudice resulting therefrom. In any event, Petitioner's claims are without merit. Indeed, as Respondent notes, Petitioner has not explained the bases for any of his claims.

As to his first claim, Petitioner has not identified the police officer alleged to have committed perjury, identified the statements at issue, explained his basis for believing that the statements were false or that the prosecutor should have known about the falsity, or shown a reasonable likelihood that the purportedly perjured testimony could have affected the jury's verdict, particularly in light of the overwhelming evidence of Petitioner's guilt. *See Turnage v. Fabian*, 606 F.3d 933, 937 (8th Cir. 2010) (setting forth elements of a federal habeas due process claim based on the knowing use of perjured testimony). Likewise, in his second and third claims, Petitioner has not identified the witness alleged to have been coerced to testify,[2] identified what information or

---

[1] Petitioner does not assert and has not demonstrated that he is actually innocent of the crimes charged.

[2] The Court's own review of the trial transcript suggests that Petitioner may be referring to a witness named Devin Jackson who testified that his statements to the police regarding the incident in question were coerced. *See* Resp. Ex. J, Trial Tr. at 493-495. But Petitioner has offered no other evidence of coercion or explained how such alleged coercion prejudiced him, particularly where the jury heard about the alleged coercion.

5

documents were allegedly redacted, offered any evidence of prosecutorial misconduct, or explained how conduct caused Petitioner prejudice. *See, e.g.*, *United States v. Hernandez*, 779 F.2d 456, 460 (8th Cir. 1985) (elements for a federal habeas claim alleging prosecutorial misconduct).

## CONCLUSION

The Court concludes that Petitioner is not entitled to federal habeas relief. The Court does not believe that reasonable jurists might find the Court's assessment of the procedural or substantive issues presented in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2254(d)(2). *See Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (standard for issuing a Certificate of Appealability) (citing *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Travis A. Nunley for a writ of habeas corpus relief is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not be issued.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of August, 2021.